# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| **WAYNE ALAN WATSON, #27617-078** | § | |
| | § | |
| VS. | § | **CIVIL ACTION NO. 4:20cv935** |
| | § | **CRIMINAL ACTION NO. 4:18cr50(1)** |
| **UNITED STATES OF AMERICA** | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Wayne Alan Watson ("Movant"), proceeding *pro se*, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, challenging his Eastern District of Texas, Sherman Division conviction. The motion was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636, and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On October 16, 2017, Movant placed an item resembling a semiautomatic handgun and a bag on the counter of City Credit Union in Gainesville, Texas, and demanded that the teller put money from her register drawer into the bag, and then fled with $6,871 (Count 1). Crim. ECF (Dkt. #84 at 3).[1] On December 1, 2017, Movant brandished an item resembling a handgun and handed a bag to a teller at Altra Federal Credit Union in Tyler, Texas, and demanded that the teller fill the bag with cash. He fled on foot after the teller placed $1,382.50 in the bag (Count 2). *Id*. at 3-4. On December

---

[1] When referring to documents in the underlying criminal case, the court will cite to it as Crim. ECF, followed by the docket number, i.e., Crim. ECF (Dkt. #84). When referring to documents in the instant § 2255 civil motion, the court will cite to it simply by the relevant docket number, i.e., (Dkt. #1).

19, 2017, Movant brandished an item resembling a handgun, handed a bag to an assistant manager at Texoma Educators Federal Credit Union in Denison, Texas, and demanded it be filled with money. After directing the assistant manager and other credit union employees to lie face down on the floor, Movant fled in his car with $6,088 (Count 3). *Id*. at 4.

On March 14, 2018, a grand jury returned an indictment charging Movant with three counts of armed bank robbery, in violation of 18 U.S.C. § 2113(a). Crim. ECF (Dkt. #18). A jury found Movant guilty of all three counts on September 13, 2018. Crim. ECF (Dkt. #75). On February 22, 2019, the District Court sentenced Movant to a total of 262 months' imprisonment, consisting of 240 months on each of Counts 1 and 2 to run concurrently, and 240 months on Count 3, with 218 months to run concurrently with Counts 1 and 2, and 22 months to run consecutively to Counts 1 and 2. Crim. ECF (Dkt. #90 at 2). On January 22, 2020, the United States Court of Appeals for the Fifth Circuit affirmed his conviction. Crim. ECF (Dkt. #114).

Movant filed the instant § 2255 motion on November 30, 2020,[2] claiming he is entitled to relief based on the Government's failure to turn over evidence as well as numerous instances of ineffective assistance of counsel. The Government filed a response, asserting that Movant's fails to show a constitutional violation, to which Movant filed a reply.

## II. STANDARD FOR FEDERAL HABEAS CORPUS PROCEEDINGS

As a preliminary matter, it should be noted that a § 2255 motion is "fundamentally different from a direct appeal." *United States v. Drobny*, 955 F.2d 990, 994 (5th Cir. 1992). A movant in a § 2255 proceeding may not bring a broad-based attack challenging the legality of the conviction.

---

[2] A *pro se* prisoner's federal petition is deemed filed on the date it is placed in the prison mail system. *Spotville v. Cain*, 149 F.3d 374 (5th Cir. 1998).

The range of claims that may be raised in a § 2255 proceeding is narrow. A "distinction must be drawn between constitutional or jurisdictional errors on the one hand, and mere errors of law on the other." *United States v. Pierce*, 959 F.2d 1297, 1300-1301 (5th Cir. 1992) (*citations omitted*). A collateral attack is limited to alleging errors of "constitutional or jurisdictional magnitude." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). Conclusory allegations, which are unsupported and unsupportable by anything else contained in the record, do not raise a constitutional issue in a habeas proceeding. *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983).

### III. PROCEDURAL BAR

Movant claims that the Government failed to provide to his defense counsel the surveillance video of the robbery at the Altra Federal Credit Union in Tyler, Texas, prior to it being admitted into evidence at trial, thereby violating *Brady v. Maryland*, 373 U.S. 83 (1963).

It is well-settled that, absent countervailing equitable considerations, a § 2255 movant cannot relitigate issues raised and decided on direct appeal. *United States v. Rocha,* 109 F.3d 225, 299 (5th Cir. 1997); *Withrow v. Williams*, 507 U.S. 680 (1993). "[I]ssues raised and disposed of in a previous appeal from an original judgment of conviction are [generally] not considered in § 2255 motions." *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986) (citing *United States v. Jones*, 614 F.2d 80, 82 (5th Cir. 1980)). It is also well settled that a collateral challenge may not take the place of a direct appeal. *Shaid*, 937 F.2d at 231. Accordingly, if Movant raised, *or could have raised*, constitutional or jurisdictional issues on direct appeal, he may not raise them on collateral review unless he shows either cause for his procedural default and actual prejudice resulting from the error, or demonstrates that the alleged constitutional violation probably resulted in the conviction of one who is actually innocent. *Id*. at 232 (emphasis added). Movant fails to point to any evidence as to

3

why he could not have raised this issue on direct appeal. Likewise, he fails to show actual prejudice resulting from the alleged error. With the overwhelming amount of evidence against him,[3] Movant also fails to demonstrate that he is actually innocent. Accordingly, the issue is barred from collateral review.

Even if it was not barred, his *Brady* claim is meritless. In *Brady*, the Supreme Court held "that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment." 373 U.S. at 87. The prosecution "need not disgorge every piece of evidence in its possession . . . [but] has an affirmative duty to disclose to the defense evidence that is favorable to the accused and material to guilty." *Rector v. Johnson*, 120 F.3d 551, 558 (5th Cir. 1997). In addressing a *Brady* claim, the Fifth Circuit has explained that a defendant must prove:

> (1) the prosecution suppressed evidence;
>
> (2) the suppressed evidence was favorable to the defense; and
>
> (3) the suppressed evidence was material to the defense.

*Derden v. McNeel*, 938 F.2d 605, 617 (5th Cir. 1991). The test for materiality is whether there is a "reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Id*. Initially, the court notes that Movant fails to show how the video was favorable to his defense. Futhermore, other than his own conclusory statements, he fails to show that the Government's actions met any of the above requirements. Movant has wholly

---

[3]Besides numerous video surveillance tapes depicting Movant in or near the various banks that were robbed, as well as numerous witnesses testifying at trial that Movant was the person who robbed the banks, a search warrant was executed at Movant's home where officers located clothes worn and a bag used during the robberies, a .117 caliber BB gun, an imitation Beretta 92F handgun, and handwritten notes with the names and addresses of banks inside his car that had been used during the robberies listed in Counts 1 and 3. Crim. ECF (Dkt. #84 at 3).

failed to meet his *Brady* burden. This issue is without merit.

## IV. INEFFECTIVE ASSISTANCE OF COUNSEL

Movant asserts that he is entitled to relief based on ineffective assistance of counsel. A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction requires the defendant to show the performance was deficient and the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." *Id*. at 700. A movant who seeks to overturn his conviction on the grounds of ineffective assistance of counsel must prove his entitlement to relief by a preponderance of the evidence. *James v. Cain*, 56 F.3d 662, 667 (5th Cir. 1995). The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment. *Strickland*, 466 U.S. at 690. The right to counsel does not require errorless counsel; instead, a criminal defendant is entitled to reasonably effective assistance. *Boyd v. Estelle*, 661 F.2d 388, 389 (5th Cir. 1981).

A movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Movant must "affirmatively prove," not just allege, prejudice. *Id*. at 693. If he fails to prove the prejudice component, a court need not address the question of counsel's performance. *Id*. at 697.

### A. Advice to Proffer

Movant was represented by two different attorneys during his prosecution. Assistant Federal Public Defender Denise Benson was appointed originally, and then John Hunter Smith was

5

appointed following Movant's request for a new attorney. Crim. ECF (Dkt. #64). In this one issue only, Movant complains about his original attorney, Denise Benson.

Here, Movant claims that Ms. Benson erroneously advised him to proffer to the Government during plea negotiations. He asserts that, after following her advice, he was effectively prevented from testifying at trial for fear that the information he proffered could have been used to impeach him in cross-examination. On habeas review, federal courts do not second-guess an attorney's decision through the distorting lens of hindsight, but rather, the courts presume that counsel's conduct falls within the wide range of reasonable professional assistance and, under the circumstances, that the challenged action might be considered sound trial strategy. *Strickland*, 466 U.S. at 689.

Movant's issue concerning Ms. Benson's advice to proffer to the Government is inextricably linked to his later decision not to testify at trial. The record shows that Movant's decision not to testify was discussed at length during the trial. Crim. ECF (Dkt. #103 at 215-231). Movant stated on the record that, after consulting with his attorney at trial, John Hunter Smith, he elected not to testify in light of his proffer. Crim. ECF (Dkt. #103 at 215, 229). After Movant expounded on his reasoning for his decision not to testify, the court reiterated to Movant that his proffer could only be used to impeach him on cross-examination if he testified differently from that which he proffered. *Id.* at 218. Additionally, the court made it clear to Movant that it was his decision whether or not to testify, and not his attorney's, and that he absolutely had the right to testify if he wished. *Id.* at 228-30.

The court notes that Movant fails to state what his trial testimony would have been had he testified. Consequently, he cannot show that the outcome of the trial would have been different.

*Sayre v. Anderson*, 238 F.3d 631, 635 (5th Cir. 2001) (a defendant's self-serving conclusory statement that his testimony would have resulted in an acquittal falls short of satisfying the prejudice prong of *Strickland*); *Hines v. United States*, 282 F.3d 1002, 1004-05 (8th Cir. 2002) (counsel not ineffective for failing to call the defendant to testify because the defendant failed to state the nature of his proposed testimony, thus, he failed to show how such testimony might have altered the outcome at trial).

In sum, Movant fails to show that Ms. Benson's advice to proffer was not within the wide range of reasonable professional assistance and, under the circumstances, that the challenged action might be considered sound trial strategy. *Strickland*, 466 U.S. at 689. He also fails to show that the outcome would have been different absent Ms. Benson's advice or had Movant chosen to testify. *Sayre*, 238 F.3d at 635. This issue is without merit.

**B.  Uncalled Witnesses**

The remaining claims alleging ineffective assistance of counsel pertain to Movant's second appointed counsel, John Hunter Smith ("Counsel"),[4] who represented Movant at trial.

Movant asserts nine witnesses should have been called to testify regarding Count One, and four witnesses should have been called to testify regarding Count Two. To receive relief here, Movant must show that, had Counsel investigated, he would have found witnesses to support the defense, that such witnesses were available, and had Counsel located and called these witnesses,

---

[4]The court notes that Movant asserts John Hunter Smith ("Counsel") acted inappropriately with him; accordingly, he filed a grievance with the Fannin County Sheriff's Department and a complaint with the United States Marshal's Service (Dkt. #1-1 at 3, 9, 13). Movant appears to be claiming that, based on the filing of an official complaint against Counsel, Counsel provided ineffective assistance of counsel as a means of retaliating against him. Likewise, he reasserts this contention in his reply brief (Dkt. #8 at 3-4). As discussed herein, however, the court concludes that Counsel did not provide ineffective assistance of counsel in any of the claims raised in Movant's § 2255 motion.

their testimony would have been favorable, and they would have been willing to testify on Movant's behalf. *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir.1985). "[C]omplaints of uncalled witnesses are not favored, because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have testified are largely speculative." *Buckelew v. United States*, 575 F.2d 515, 521 (5th Cir.1978). A petitioner must overcome a strong presumption that his counsel's decision in not calling a particular witness was a strategic one. *Murray v. Maggio, Jr.*, 736 F.2d 279, 282 (5th Cir. 1984). Where "the only evidence of a missing witness's testimony is from the defendant," claims of ineffective assistance are viewed with great caution. *United States v. Cockrell*, 720 F.2d 1423, 1427 (5th Cir.1983), *cert. denied*, 467 U.S. 1251 (1984).

Here, while Movant provides names of some of the witnesses he claims should have been called as defense witnesses, he fails to provide what the witnesses would have testified to specifically, or how it would have affected the outcome of his case. He fails to show they would have provided testimony favorable to his defense. In fact, some of the witnesses he listed actually testified on behalf of the Government. Each of those witnesses was subject to cross-examination by Movant's defense counsel. Other witnesses were available at trial, but were not called. Nevertheless, Movant wholly fails to provide an affidavit from each witness stating not only their willingness to testify on his behalf, but also the substance of such testimony had they been called to testify for the defense. In his reply brief, Movant complains that, being confined, he could not obtain statements or affidavits from the uncalled witnesses. (Dkt. #8 at 3). The *Strickland* standard requires this specific showing for uncalled witness claims: "In order for the appellant to demonstrate the requisite *Strickland* prejudice, the appellant must show not only that his testimony

8

would have been favorable, but also that the witness would have testified at trial." *Alexander*, 775 F.2d at 602. While the record reveals that some witnesses were available to testify, Movant fails to show that their testimony would have been favorable to his defense. For these reasons, his claim fails.

Furthermore, a review of the record shows that the subject of potential defense witnesses was discussed at trial. Crim. ECF (Dkt. #103 at 215-16, 222-24). There, Counsel stated that Movant had discussed his list of potential witnesses with him, but they had systematically ruled out each of them for various reasons. *Id*. at 223. In sum, Movant fails to show how calling the witnesses would have changed the outcome of his case; thus, he fails to meet his burden. *Strickland*, 466 U.S. at 694. Movant also fails to show that Counsel's decision not to call them might be considered sound trial strategy. *Id*. at 689. This issue is without merit.

**C.     Failure to Investigate**

Movant next claims that Counsel was ineffective for not personally visiting the crime scenes or having an investigator visit the crime scene. It is well-settled that defense counsel must engage in a reasonable amount of pretrial investigation, and "at a minimum, . . . interview potential witnesses and . . . make an independent investigation of the facts and circumstances of the case." *Nealy v. Cabana*, 764 F.2d 1173, 1177 (5th Cir. 1985). A defendant who alleges a failure to investigate must allege with specificity what the investigation would have revealed and how it would have altered the outcome. *Gray v. Lucas*, 677 F.2d 1086, 1093 (5th Cir. 1982).

Movant fails to show specifically what Counsel or an investigator would have found from a personal visit to the crime scenes. He also fails to show how it would have changed the outcome of his case. His claim is conclusory; thus, it is insufficient to entitle him to relief. *Ross*, 694 F.2d

at 1011-12. Movant fails to meet his burden.

**D.**     **Failure to Object**

Movant asserts that Counsel was ineffective for failing to object to the introduction of the surveillance video of the robbery at the credit union in Tyler, Texas (Count Two). In analyzing whether counsel is ineffective for failing to object or file motions, a determination of ineffectiveness "depends on whether a motion or an objection would have been granted or sustained had it been made." *United States v. Oakley*, 827 F.2d 1023, 1025 (5th Cir. 1987). It is well-settled that counsel is not required to file meritless motions. *United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995). The court will grant federal habeas corpus relief only when the error is so extreme that it constitutes a denial of fundamental fairness under the Due Process Clause. *Skillern v. Estelle,* 720 F.2d 839, 852 (5th Cir. 1983). Moreover, a defendant cannot show ineffective assistance of counsel by making conclusory allegations. *United States v. Demik*, 489 F.3d 644, 647 (5th Cir. 2007). Movant must allege with specificity the actions his counsel should have taken and how they would have affected the outcome of his case. *Id*.

Movant wholly fails to direct the court to any evidence showing that an objection concerning the admission into evidence of the Tyler credit union's surveillance video would have been granted or sustained had it been made. *Oakley*, 827 F.2d at 1025. Clearly, the evidence was material and relevant to the case. Movant also fails to show that, but for Counsel's alleged deficiency, the outcome of his case would have been different. *Demik*, 489 F.3d at 647. Movant fails to meet his burden; accordingly, the issue is without merit.

Finally, Movant claims that Counsel should have objected to testimony concerning a bank

robbery in Wichita Falls, Texas.[5] The testimony to which Movant asserts Counsel should have objected concerns a robbery of Legend Bank in Wichita Falls. There, testimony was given that Movant approached a teller, pointed a firearm at her, handed her a big, and told her to fill it up. After placing $102 in the bag, he told her to open the bank's safe. The teller and another bank employee opened the safe and removed about $4,400 from it and handed it over. He ordered the bank employees to turn away from him and kneel on the floor. He then fled the bank in his vehicle. Crim. ECF (Dkt. #84 at 7).

The record reflects that the court had considered motions in limine previously, and had denied Movant's motion to exclude testimony concerning the bank robberies in Wichita Falls and Austin. The court, however, agreed to provide a limiting instruction on this testimony. Crim. ECF (Dkt. #102 at 158-59). Specifically, the court provided this limiting instruction:

> Jury, you will hear evidence of acts of the defendant which may be similar to those charged in the Indictment, but which were committed on other occasions. You must not consider any of this evidence in deciding that the defendant committed the acts charged in the Indictment. However, you may consider this evidence for other very limited purposes. If you find beyond a reasonable doubt from other evidence in this case that the defendant did commit the acts charged in the Indictment, you may consider evidence of similar acts allegedly committed on other occasions to determine whether the defendant had the state of mind or intent necessary to commit the crime charged in the Indictment, or whether the defendant had a motive, or the opportunity to do the acts charged in the Indictment, or whether the defendant acted according to a plan or in preparation of commission of a crime, or whether the defendant committed the acts for which he is on trial by accident or mistake. These are the limited purposes for which any other – any evidence of other similar acts may be considered.

*Id*. When testimony was being given concerning the Wichita Falls robbery, Counsel objected. Pursuant to the court's limiting instructions, neither the Austin nor Wichita Falls bank robbery facts

---

[5]Testimony was also given concerning a bank robbery in Austin, Texas, for which Movant also was not indicted in the underlying criminal case. The same limiting instructions applied to it as well. Crim. ECF (Dkt. #102 at 158-59).

11

could be considered as evidence of guilt in the three counts that were charged in the underlying criminal case. The court overruled the objections and reminded the jury of the limiting instruction. *Id*. at 225. Furthermore, Counsel objected during testimony concerning the Austin robbery. There, the court again overruled the objection, and reminded the jury that a limiting instruction had been given. *Id*. at 170. The record clearly shows that Counsel objected to this testimony. Movant is simply mistaken in his assertion that Counsel failed to object.

To the extent that Movant claims ineffectiveness for Counsel's failure to call a witness to refute the facts concerning the Wichita Falls bank robbery, he again fails to provide the necessary requisites to establish prejudice from the failure to call an uncalled witness. Movant fails to name a witness to support the defense, show that such witness was available to testify, show that the testimony would have been favorable to the defense, and that the witness would have been willing to testify on Movant's behalf. *Alexander*, 775 F.2d at 602. Additionally, Movant fails to overcome the strong presumption that his counsel's decision in not calling a particular witness was a strategic one. *Murray*, 736 F.2d at 282. In sum, Movant fails to show that, but for Counsel's alleged deficient performance, the outcome would have been different. *Strickland*, 466 U.S. at 694. Movant fails to meet his burden.

## V. **EVIDENTIARY HEARING**

Finally, Movant asks for an evidentiary hearing. (Dkt. #1-1 at 17). Evidentiary hearings, however, are not required in federal habeas corpus proceedings. *See* Rule 8, *Rules Governing § 2255 Cases in the United States District Courts*; *see also McCoy v. Lynaugh*, 874 F.2d 954, 966-67 (5th Cir. 1989). Quite the contrary, "to receive a federal evidentiary hearing, a petitioner must allege facts that, if proved, would entitle him to relief." *Wilson v. Butler*, 825 F.2d 879, 880 (5th Cir.

1987), *cert. denied*, 484 U.S. 1079 (1988). *See also Townsend v. Sain*, 372 U.S. 293, 312 (1963). "This requirement avoids wasting federal judicial resources on the trial of frivolous habeas corpus claims." *Wilson*, 825 F.2d at 880.

In several issues, Movant argues his attorneys were ineffective and that he suffered a *Brady* violation. However, as shown above, he fails to meet his burden in showing he is entitled to relief. The record is clear on each of these issues. Accordingly, Movant fails to show that he is entitled to an evidentiary hearing. *See United States v. Auten*, 632 F.2d 478, 480 (5th Cir. 1980) (noting that mere conclusory allegations are not sufficient to support a request for an evidentiary hearing).

## VI. <u>CONCLUSION</u>

In conclusion, Movant could have raised his *Brady* claim on direct appeal, but failed to do so; accordingly, the issue is procedurally barred from review. Even if it was not barred, Movant fails to meet the requirements to show a *Brady* violation. Likewise, Movant fails to show that either of his attorneys performed deficiently. He also fails to show that, but for his counsels' alleged deficient performance, the result of the proceedings would have been different. Movant's issues are without merit; thus, he is entitled to no relief. The § 2255 motion should be denied. Movant also fails to show that he is entitled to an evidentiary hearing.

## VII. <u>CERTIFICATE OF APPEALABILITY</u>

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Although Movant has not yet filed a notice of appeal, it is respectfully recommended that this court, nonetheless, address whether Movant would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua*

*sponte* rule on a certificate of appealability because "the district court that denies a [movant] relief is in the best position to determine whether the [movant] has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected constitutional claims on the merits, the movant must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). When a district court denies a motion on procedural grounds without reaching the underlying constitutional claim, a [certificate of appealability] should issue when the movant shows, at least, that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

In this case, reasonable jurists could not debate the denial of Movant's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, Movant is not entitled to a certificate of appealability.

## VIII.  **RECOMMENDATION**

It is recommended that the motion to vacate, set aside, or correct sentence be **DENIED**, the case be **DISMISSED** with prejudice, and an evidentiary hearing be **DENIED**. It is also

recommended that a certificate of appealability be **DENIED**.

Within fourteen days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)( C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 8th day of March, 2024.**

_____
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE